# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILLIAM EDWARD SNETHKAMP, III,

     Petitioner,                   Civil No. 2:16-CV-12116
                                     HONORABLE VICTORIA A. ROBERTS
v.                              UNITED STATES DISTRICT JUDGE

SHAWN BREWER,

     Respondent,

_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

     William Edward Snethkamp, III, ("Petitioner"), confined at the Cotton Correctional Facility in Jackson, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his habeas petition, filed by counsel James L. Witzel, Petitioner challenges his sentence for delivery or manufacture of methamphetamines, M.C.L.A. 333.7401(2)(b)(i).  For the reasons that follow, the petition for writ of habeas corpus is SUMMARILY DENIED.

## I.  Background

     Petitioner pleaded guilty in the Emmet County Circuit Court.

     Petitioner's sentencing was set for July 18, 2013.  The Michigan Department of Corrections (M.D.O.C.) prepared a pre-sentence investigation report (P.S.I.).  Prior Record Variable (P.R.V.) 7 of the Michigan Sentencing Guidelines was scored at zero

points, leading to a scoring of Petitioner's total prior record variables at five points. The probation department scored Petitioner's sentencing guidelines range at 12-20 months. At the conclusion of the sentencing hearing, the judge delayed sentencing for one year pursuant to M.C.L.A. 771.1, subject to certain conditions that Petitioner was to follow.

On August 23, 2013, Petitioner was convicted in the Livingston County Circuit Court of two felony offenses that were committed on January 13, 2012, before Petitioner's original sentencing date in Emmet County.

The Emmet County Prosecutor filed a motion for sentencing, asking the trial judge to sentence Petitioner in light of his Livingston County Circuit Court convictions. The prosecutor also argued that P.R.V. 7 of the sentencing guidelines should be rescored at twenty points based on Petitioner's Livingston County convictions. The judge denied the motion on December 16, 2013.

On June 24, 2014, Petitioner appeared before the trial judge for re-sentencing. The Michigan Department of Corrections updated the pre-sentence investigation report by rescoring P.R.V. 7 at twenty points, based on the Livingston County Circuit Court convictions. This changed Petitioner's overall prior record variable scoring to twenty five points, raising his sentencing guidelines range to 36-60 months. Petitioner filed objections to the updated pre-sentence investigation report. The judge agreed to re-score P.R.V. 7 at twenty points and raised the sentencing guidelines range to 36-60 months. The judge, however, departed below the sentencing guidelines range, sentencing Petitioner to twelve months in the county jail, with Petitioner to immediately serve six

months, the other six months being held in abeyance at the judge's discretion.  Petitioner was permitted to serve his sentence at the Ingham County Jail and was allowed work release.  Petitioner was apparently placed on probation as well.

On September 12, 2014, Petitioner was arrested in Ingham County for possession of a controlled substance.  Petitioner pleaded guilty to this offense in Ingham County on April 29, 2015.  As a result of his new arrest, Petitioner was charged with violating probation in Emmet County.  Petitioner pleaded guilty to violating his probation in Emmet County on May 4, 2015.  On June 16, 2015, Petitioner was sentenced to three to twenty years in prison.  The M.D.O.C. had again scored Petitioner's guidelines at 36-60 months.

Petitioner's sentence was affirmed on appeal. *People v. Snethkamp,* No. 328183 (Mich.Ct.App. Aug. 27, 2015); *lv. Den.* 499 Mich. 882, 876 N.W.2d 561 (2016).

Petitioner seeks a writ of habeas corpus on the following grounds:(1) M.C.L.A. 771.1, Michigan's delayed sentencing statute, does not specify whether prior record variables are to be scored at the time of the original sentencing hearing, where the sentence is delayed, or after the delayed sentencing period when the defendant is actually sentenced; (2) A defendant's sentencing guidelines range should be scored during the original sentencing hearing and should be locked into place, whether the defendant is sentenced at the original sentencing date or his or her sentencing is delayed.

## II.  Discussion

Promptly after the filing of a petition for habeas corpus, the Court must undertake

3

a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243.  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F. 2d 134, 141 (6th Cir.1970)(district court has the duty to "screen out" petitions that lack merit on their face).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141.

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that Petitioner's sentencing claims do not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

State courts are the final arbiters of state law. *See Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002).  Therefore, claims which arise out of a state trial court's sentencing decision are not normally cognizable on

4

federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002).   A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's claims that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is a state law claim. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *Vliet,* 193 F. Supp. 2d at 1014.  Petitioner had "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009).   "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).  Any error by the trial court in calculating his guideline score would not merit habeas relief. *Id.*  Petitioner's claims that the state trial court improperly departed above the correct sentencing guidelines range would thus not entitle him to habeas relief, because such a departure does not violate any of Petitioner's federal due process rights. *Austin v. Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000).  Petitioner is not entitled to habeas relief on his claims.

## IV.  Conclusion

5

The Court summarily denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability to Petitioner. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability; he failed to make a substantial showing of the denial of a federal constitutional right. *See Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

Although this Court denies a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is lower than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if

6

it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3);

Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not

frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F.

Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of

Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in

good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V. <u>ORDER</u>

**The Court SUMMARILY DENIES** the Petition for Writ of Habeas Corpus and a

Certificate of Appealability**.**

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*


<u>S/Victoria A. Roberts</u>
United States District Judge

Dated: June 15, 2016